IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| ERIC G. ANDIKA | § | |
| VS. | § | CIVIL ACTION NO. 9:15-CV-110 |
| LETICIA GARCIA, DENTIST | § | |

## MEMORANDUM ORDER OVERRULING OBJECTIONS AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, Eric G. Andika, an inmate currently confined at the Gib Lewis Unit with the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding *pro se* and *in forma pauperis*, filed this civil rights action pursuant to 42 U.S.C. § 1983 against defendant Leticia Garcia, dentist.

The Court referred this matter to the Honorable Keith Giblin, United States Magistrate Judge, at Lufkin, Texas, for consideration pursuant to applicable laws and orders of this Court. The Magistrate Judge recommends this complaint be dismissed for failure to state a claim and as frivolous.

The Court has received and considered the Report and Recommendation of United States Magistrate Judge filed pursuant to such order, along with the record, and pleadings. Plaintiff filed objections to the Report and Recommendation of United States Magistrate Judge. This requires a *de novo* review of the objections in relation to the pleadings and applicable law. *See* FED. R. CIV. P. 72(b).

After careful consideration, the Court finds plaintiff's objections lacking in merit. The acts described by plaintiff do not "evince a wanton disregard for any serious medical needs." *Domino v. Texas Dep't of Criminal Justice*, 239 F.3d 72, 754 (5th Cir. 2001). Plaintiff was seen four or five times from October 2014 to January 2015 and received treatment. "Allegations of malpractice or negligence will never state a claim under the Eighth Amendment." *Stewart v. Murphy*, 174 F.3d 530, 534 (5th Cir. 1999). Nor does an inmate's disagreement with his medical treatment amount to

an Eighth Amendment violation. *Id*. at 537; *Norton v Dimazana*, 122 F.3d 286, 292 (5th Cir. 1997). Plaintiff has failed to show that the defendant 'refused to treat him, ignored his complaints, intentionally treated him incorrectly, or engaged in an similar conduct." *Domino*, 239 F.3d at 756. The mere delay of medical care can only constitute an Eighth Amendment violation "if there has been deliberate indifference [that] results in substantial harm." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (quoting *Mendoza v. Lynaugh*, 989 F.2d 191 195 (5th Cir. 1993)). Alternatively, there is nothing to indicate plaintiff suffered substantial harm in connection with any delay in receiving treatment.

## ORDER

Accordingly, petitioner's objections are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct, and the report of the Magistrate Judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the Magistrate Judge's recommendations.

**SIGNED this 17th day of June, 2016.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE